UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-11283-RGS

KENNETH F. ZEGHIBE

v.

CONOCOPHILLIPS COMPANY

ORDER ON PLAINTIFF'S MOTION TO COMPEL AND
MOTION TO EXTEND DEADLINES

March 23, 2011

STEARNS, D.J.

On March 1, 2011, plaintiff Kenneth Zeghibe filed a compound Motion to Compel Discovery and to Extend Case Deadlines [Dkt # 48]. The motion to compel defendant ConocoPhillips to produce employees Louise Brock Moore and Dr. Bruce Packard for further deposition testimony is <u>DENIED</u>.[1] The motion to compel further responses to plaintiff's requests for admissions, *see* Pl.'s Mem. at 10-11, are also DENIED as they seek legal conclusions. ConocoPhillips has made no secret of its

---

[1] Louise Brock (Moore), a Registered Nurse, was deposed by Zeghibe on January 20, 2011. As best as can be determined, Zeghibe is now seeking an opinion from Brock as to whether or not his medical bills are covered by the Jones Act. It is difficult for the court to see how her opinion on an issue of legal liability would be relevant or admissible. The same is likely true of any opinion of Dr. Packard on the subject, but the more fundamental point is that his identity was known to plaintiff reasonably in advance of the cut-off date for discovery.

litigating position that Zeghibe's injuries are not covered by the Jones Act. The issue of whether at the time of the injury, Zeghibe was a seaman in service of the vessel under the Jones Act is a question for the jury on which Zeghibe bears the burden of proof. *See McDermott Int'l v. Wilander*, 498 U.S. 337, 356 (1991). *See also* Kevin F. O'Malley, et al., 3A *Federal Jury Practice and Instructions: Civil* § 156.21 (5th ed. 2001). It is not a matter to be resolved by forcing a legal conclusion on a defendant by way of a motion to compel (although in most cases the issue is not in dispute). For the same reason, the motion to compel a further answer to Interrogatory #4 is also DENIED. Given the court's rulings, there is no reason to extend the discovery schedule. Consequently, the motion to enlarge the time for discovery is DENIED.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE